UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN, | No. 2:24-cv-00775-CKD |
| Plaintiff, | |
| v. | ORDER |
| CHCF WARDEN, et al., | |
| Defendants. | |

Plaintiff is a former California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

## II.     Allegations in the Complaint

On May 17, 2023, while a prisoner at the California Health Care Facility ("CHCF"), plaintiff was struck in the face by Officer Rivera, a defendant in this action. At the time, plaintiff was stripped naked and handcuffed in a medical exam room waiting for placement on suicide watch. Plaintiff mentions that there were four correctional officers in the medical exam room, but he does not identify them. John Doe #1 and John Doe #2, both employed as sergeants, were present outside the medical exam room during this assault. Plaintiff sustained injuries from this assault.

Plaintiff was physically assaulted again on July 4, 2023 by defendant Rivera as well as Officer Seohol, another defendant in this case. The second assault was even more brutal than the first and resulted in a broken rib.

On another occasion, defendant Rivera identified plaintiff as a "snitch" to another inmate exposing him to a risk of violence.

Additional defendants named in this action are Officer Johnson, Officer McCloud, John Does #3 and #4, both employed as supervisors, and the unnamed Warden of CHCF. The complaint does not describe how these defendants were involved in the assaults on plaintiff.

## III.    Analysis

Having conducted the required screening with respect to plaintiff's complaint (ECF No. 1), the court finds that plaintiff may proceed on the Eighth Amendment excessive force claims against defendants Rivera and Seohol.

With respect to the other claims and defendants, the allegations do not amount to claims upon which plaintiff may proceed. The complaint is not clear as to who the remaining correctional officers in the medical exam room were during the first assault, and the court will not assume their identities as either the four named correctional officers or the four John Doe defendants in this case. In order to state a claim, plaintiff must adequately link the actions of each defendant to the asserted constitutional violation. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Moreover, plaintiff has failed to adequately allege any claim against the John Doe supervisory defendants or the warden based

solely on their supervisory status. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).

At this point, plaintiff has two options: 1) proceed immediately on the excessive force claims identified above; or 2) attempt to cure the deficiencies in plaintiff's complaint by filing an amended complaint.

### IV. Legal Standards

In considering whether to amend, the court provides plaintiff with the following legal standards which may apply to his claims.

#### A. Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d

1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### C. Failure to Protect

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence…." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of harm. Id. at 834, 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 834 (internal quotation omitted). To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### D. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 2, 8) are granted.

2. Plaintiff is granted 21 days within which to complete and return the attached form

notifying the court whether he wants to proceed on the claims identified in this order or file an amended complaint in an attempt to cure the deficiencies in his original complaint. If plaintiff does not return the form, this action will proceed on the excessive force claims described above, and the undersigned will recommend dismissing the remaining claims and defendants.

Dated: 09/12/24

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/dunc0775.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CHCF WARDEN, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-00775-CKD<br><br><br>NOTICE OF ELECTION |

**Check one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the excessive force claims against defendants Rivera and Seohol.

　　**OR**

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff's Signature

6