UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIONTAE JOHAN DUNCAN,

Plaintiff,

v.

CHCF WARDEN, et al.,

Defendants.

No.  2:24-cv-0775-TLN-CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff was a state prisoner when he filed this case. He proceeds pro se and in forma pauperis and seeks relief under 42 U.S.C. § 1983. On October 3, 2025, defendants filed a motion seeking to compel plaintiff's attendance at his deposition and seeking sanctions in addition or in the alternative. (ECF No. 38.) Plaintiff failed to file a timely response to that motion.

By order filed on November 18, 2025, *sua sponte*, the court granted plaintiff an extension of time to file a response to defendants' pending motion and cautioned plaintiff that his failure to oppose the motion or file a statement of non-opposition violates the court's Local Rules. (ECF No. 39.) Plaintiff was specifically warned as follows: "Failure to file an opposition will be deemed as consent to have the motion granted. In addition, plaintiff is cautioned that failure to comply with this court's orders or the applicable rules may result in dismissal of the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." (Id. at 2.) The extra time granted has expired and plaintiff has not opposed the motion or otherwise responded to the court's order.

1

It further appears plaintiff has failed to keep the court apprised of his current address of record which is plaintiff's responsibility. Pursuant to Local Rule 182(f), service of documents at a party's address of record is fully effective.

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss an action, the court considers several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

The factors set forth above favor dismissal of this case at this time. Plaintiff has failed to appear for his deposition properly noticed by defendants (see ECF No. 38-1 at 6-7), has failed to keep the court apprised of his current address, has failed to oppose defendants' pending motion, and has failed to comply with the court's most recent order. These factors indicate plaintiff has abandoned this case. This case should not proceed further without plaintiff's participation. Dismissal is the only suitable sanction.

In accordance with the above, IT IS RECOMMENDED as follows:

1. Defendants' motion to compel and/or for sanctions (ECF No. 38) be granted to the extent that this action be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b); Local Rule 183(b).

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal

the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 20, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, dunc0775.fr

3