UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN, | No.  2:24-cv-0775-TLN-CKD P |
| Plaintiff, | |
| v. | ORDER VACATING FINDINGS AND RECOMMENDATIONS |
| CHCF WARDEN, et al., | |
| Defendants. | |

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 while confined as a state prisoner at California Healthcare Facility. He proceeds without counsel and in forma pauperis on Eighth Amendment excessive force claims against defendants Rivera and Sohol.[1] (See ECF Nos. 1, 19, 20, 24.) By this order, the undersigned vacates the January 20, 2026 recommendation to dismiss this case, denies defendants' motion to compel without prejudice, and sets a new schedule for this case.

Previously, in a discovery and scheduling order filed on March 7, 2025, the court ordered discovery could be conducted until July 7, 2025, on which date any motions necessary to compel discovery were to be filed. (ECF No. 35 at 5.) On August 7, 2025, the court granted defendants' motion to modify the scheduling order so that discovery was to be completed by October 6, 2025.

---

[1] The correct spelling of defendant Sohal's name is "Sohal" rather than "Seohal." (See ECF No. 34, Answer.)

1

(ECF No. 37.) The August 7, 2025 order and subsequent court orders were served to plaintiff by mail and later returned by the United States Postal Service as undeliverable.

On October 3, 2025, defendants filed a motion to compel plaintiff's attendance at his deposition and/or for sanctions, stating plaintiff, who was no longer in prison, had failed to attend his deposition despite defendants' numerous attempts at meet and confer. (ECF No. 38.) Plaintiff did not file a timely response to the motion for sanctions.

By order dated November 18, 2025, the court warned plaintiff that failure to file an opposition to the pending motion for sanctions within 21 days would result in a recommendation that this case be dismissed. (ECF No. 39.) Plaintiff did not file a response to the order within the extra time granted to do so.

On January 20, 2026, the undersigned recommended defendants' request for terminating sanctions be granted. (ECF No. 81.) On February 26, 2026, plaintiff filed late objections to the findings and recommendations and a notice of change of address. (ECF No. 41.)

In the objections, plaintiff states he was arrested on criminal charges on April 1, 2025, and placed in Richmond County Jail where he remains in custody and where he was undergoing competency proceedings until January 2026. (ECF No. 41 at 2.) He states he was unable to locate the court's address and defendants' address until provided a tablet in January 2026. (Id.)

Plaintiff failed to comply with Local Rule 183, which required him to keep the court and defendants advised of his current address. However, the previously recommended sanction of dismissal is too harsh, given plaintiff's explanation. Accordingly, the undersigned will vacate the recommendation to dismiss this case at this time. The motion for sanctions will be denied because the alternate requested sanction of monetary sanctions is also inappropriate under the circumstances.

In accordance with the above, IT IS ORDERED as follows:

1. The Clerk of the Court shall update the docket to change the spelling of defendant Sohal's name from "Seohal" to "Sohal."

2. The findings and recommendations filed on January 20, 2026 (ECF No. 40) are VACATED.

2

3. Defendants' motion to compel and/or for sanctions (ECF No. 38) is DENIED except that plaintiff is ordered to attend and cooperate with his deposition.

4. The pretrial scheduling order is modified such that discovery now closes on **September 18, 2026**, and the pre-trial dispositive motion deadline is extended to **December 18, 2026**; in all other respects the terms of the March 7, 2025 discovery and scheduling order remain in place.

Dated:  May 20, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 dunc0775.vacfr.mtc

3